## MONROE[1] v. HEARD et al.
### No. 1618.

Court of Appeal of Louisiana. First Circuit.
May 8, 1936.

[1] Application for rehearing filed May 21, 1936. Case compromised while disposition pending.

Robt. R. Stone, of Lake Charles, for appellant.

Pujo, Bell & Hardin, of Lake Charles, for appellees.

DORE, Judge.

This suit is to recover damages on account of injuries received by plaintiff in an automobile accident on the Old Spanish Trail Highway about four miles east of the Sabine river bridge on March 9, 1935, between the hours of 7 and 7:30 p. m.

Plaintiff alleges that she was riding as a passenger in a car driven by Jno. W. Plummer and was proceeding in a westerly direction on said highway on the right-hand side of the road and traveling at a speed of forty miles per hour. She then describes in detail how another car, coming from the opposite direction, in attempting to pass a slowly moving vehicle going in the same direction, ran into the car in which plaintiff was a passenger, causing injury for which she asks damages in the sum of $5,000.

She alleges that the automobile causing the damage, was owned by Miss Irene Heard, which automobile had been loaned to Mrs. Vera Perkins, who was a passenger in said car at the time and who was then directing and controlling the driving thereof; that the owner of said car causing the damage, Miss Heard, carried insurance with the Commercial Standard Insurance Company, a policy of insurance whereby it was agreed to protect and indemnify Miss Heard should she be held in damages on account of the negligent operation of said car which was being driven at the time of the accident under the direction and control of Mrs. Perkins as the agent of Miss Heard. The defendants are Miss Heard and the said insurance company. Mrs. Perkins is not made a party defendant.

Both defendants filed an exception of vagueness based on the ground that the petition alleged that Mrs. Perkins was operating said car as the agent of Miss Heard, and also that the car had been loaned to Mrs. Perkins, which allegations were claimed to be inconsistent. The court sustained these exceptions reserving to plaintiff the right to amend her petition so as to clarify these allegations. In accordance with that ruling, plaintiff filed a supplemental petition wherein she alleged that Mrs. Perkins was the agent of the owner, Miss Heard, only in the sense that she had charge of said automobile at the time of the accident with the permission of Miss Heard; she further alleged that the Heard car was being driven at the time of the accident by a Mr. Borsum under the direction and control of Mrs. Perkins who was not restricted in the use of the car. She further set forth provisions in the insurance policy in so far as these provisions affect the liability of the defendant insurance company, one of these provisions in the policy reading as follows:

"Extended Coverage; If loss or expense from the Perils set forth in Item 1 and/or item 2 is insured against hereunder, the company agrees that in addition to the Assured named in this policy, such insurance as is granted under Item 1 and/or Item 2 shall be available in the same manner and under the same conditions and to the extent as it is available to the Assured named herein to any person or persons, except chauffeurs and domestic servants, while riding in or legally operating any automobile described in this policy and to any person, firm or corporation legally responsible for the operation thereof; but only while it is being used for the purpose specified in statement 6 of the 'Schedule of Statements and with the consent of the Assured named herein or (if the Assured is an individual) of an adult member of his household who is not a chauffeur or domestic servant".

Exceptions of no cause or right of action were then filed by both defendants, and plaintiff then filed a second supplemental. petition in which she alleged that the sole and proximate cause of the accident was the negligence of Borsum in driving said Heard car and who was driving said car under the direction of Mrs. Perkins who had the unrestricted use of said car and who was sitting in the front seat with Borsum directing and controlling the driving of said car. In the alternative, plaintiff averred that while the car was being driven by Mr. Borsum under the direction of Mrs. Perkins as her guest and who had the unrestricted use of the

car, Mrs. Perkins was herself guilty of negligence in certain particulars, i. e., in failing to keep a proper lookout, in failing to have directed Borsum to check his speed, and in failing in other ways to direct Borsum in his operation of the car at the time of the accident.

The exceptions of no cause of action were renewed and sustained by the trial court. Plaintiff has appealed.

It is evident from the above summary of the original and supplemental petitions that Miss Heard, the owner of the car, could under no possible theory be held liable for plaintiff's injury. She only loaned the car to Mrs. Perkins, and as Mrs. Perkins was not the agent of Miss Heard at the time of the accident, it follows that the latter would not be liable for any damage caused by the negligence of either Mrs. Perkins or Mr. Borsum. The exceptions as to Miss Heard were therefore correctly maintained or sustained.

If plaintiff has a cause of action against the insurance company, it is admitted that such claim must arise under the "extended coverage" clause which is quoted above. Furthermore, plaintiff must be able to show that this clause in the policy is available to her for the negligence of Borsum in driving the car, or, in the alternative, because of the fact that Mrs. Perkins is herself responsible for the accident.

Mrs. Perkins, as to the owner, Miss Heard, was a licensee or borrower of the car. As it is alleged that the owner consented to the use of the car by Mrs. Perkins, it follows that the provisions of the policy would cover the negligence of Mrs. Perkins in the operation of the car. However, the coverage could not be extended to liability for the negligence of another with whom the borrower had intrusted the operation of the car without the consent of the owner. We quote the following from 6 Blashfield's Cyc. of Automobile Law and Practice (Permanent Ed.) p. 326, § 3943: 'Permission to drive does not confer upon the licensee the power to confer permission, and one driving under this derivative, and therefore defective, permission is not an additional assured." Therefore, in the absence of any allegation that Borsum was operating the car with the consent of Miss Heard, the owner, the petition fails to show liability in the insurance company for the injury caused by the negligence of Borsum.

The other and more serious question is whether or not, under the pleadings, Mrs. Perkins, while riding in the automobile with the consent of the owner as licensee, and while directing Borsum in driving, was "legally operating" the automobile, and was "legally responsible for its operation." It is true that she is not made a defendant in the suit, but plaintiff contends that, under the pleadings, she was responsible for the operation of said car and therefore within the provisions of the policy.

The primary purpose of the policy was to protect the owner, Miss Heard, from liability which she might incur because of the operation and use of the car. To this extent it was purely a contract of insurance and indemnity inuring to the benefit of Miss Heard and any person who might have a claim against her because of the negligent operation of the car. But by the quoted clause in the policy the insurer went further and agreed to pay damages in certain instances where the owner was not personally liable. This liability extended to damages caused by a person while riding in the car or legally operating same and by a person legally responsible for the operation of the car, subject to the condition that the riding in, operation of, or the responsibility for, the operation must be with the consent of the owner. The car was placed under Mrs. Perkin's unrestricted charge by the owner. Was Mrs. Perkins responsible to plaintiff for the operation of the car? Does the petition set out such facts as would render Mrs. Perkins liable if she were made a party defendant? If she is liable for the operation of the car by Borsum, and if a judgment could be rendered against her, it follows that she would be protected under the policy to the same extent as the insured owner. The evident purpose of this clause in the policy was to make available to those persons other than the owner designated in this clause the protection which was available to the insured owner under the principal clauses in the policy, when such other persons incur liability while using the car for business or pleasure and with the consent of the owner.

As Mrs. Perkins was using the car for pleasure at the time of the accident with the consent of the owner, if by that use and operation she has incurred liability to

plaintiff, such liability is covered in this clause of the policy.

The liability of the occupant of an automobile driven by another under his direction and control is stated in 42 Corpus Juris at page 1123, as follows: "So likewise where the occupant, although he is not the owner and is not driving the vehicle himself, is in actual control of its operation, or where he has the right to control and direct the driver and fails to do so, or where, being in control, he permits another to drive, he will be held responsible for an injury sustained by a third person by reason of the negligent operation of the vehicle." In support of that proposition the case of Smith v. Sladovich, 3 La.App. 527, is cited in the footnotes. In the Smith v. Sladovich Case, the court said: "If Rosengarten, Junior, had been the owner of the car, there could have been no question of his liability. We think he is in the position of owner so far as his responsibility for the operation of the car is concerned."

Accepting the allegations of the petition as true, particularly the alternative plea of negligence on the part of Mrs. Perkins as set forth in the second supplemental petition, a state of facts is alleged which would render Mrs. Perkins liable if she were a party to the suit and if the alleged facts are proven on the trial of the case. Whether or not these alleged facts can be proved is a matter to be determined by a trial of the case. If the allegations and proof show that Mrs. Perkins could be held responsible for the negligent operation of the car, then plaintiff comes within this "extended coverage" clause in the policy and has a right to proceed in the enforcement of this right against the insurance company.

For these reasons, the judgment appealed from in so far as it sustains the exception of no cause of action as against Miss Heard is affirmed, and in so far as it sustains the exception of no cause of action filed by the Commercial Standard Insurance Company the same is annulled, reversed, and set aside, and the exception overruled; that this case be remanded to the lower court to be proceeded with due course, and in accordance with the views herein expressed.

Affirmed in part and reversed in part.