In the Matter of the Estate of JAMES CHAMBERS, Deceased.

Surrogate's Court, Kings County, October 5, 1938.

*Abraham J. Multer*, for the petitioner, Philip Novick, as receiver of Charles Chambers.

*Joseph M. Paley*, for Julie L. Chambers, judgment creditor, and Lytle G. Chambers, contingent remainderman.

*Walter L. Post*, for Julian G. Chambers, remainderman.

*Charles Chambers*, attorney *pro se*, life tenant and trustee, and for Pauline E. Chambers, cotrustee.

WINGATE, S. The question presented on this motion for reargument concerns the propriety of the decision of this court in assessing discretionary costs in favor of two respondents against the petitioner in an independent proceeding for the construction of a will instituted by a receiver in supplementary proceedings.

The petitioner sought to obtain a declaration of the invalidity of certain provisions of a will which erected a trust wherein his judgment debtor was named as an income beneficiary, to the end that he might obtain a distribution of the principal fund for application upon the judgment in respect of which he had been appointed. This attack involved a determination as to the validity of the composite directions in respect of substantially the entire estate and necessitated defense not only on behalf of the particular *cestui que* trust whose interest was sought to be reached but also on behalf of the life beneficiary of the other portion of the estate, both in his own interest and in that of his issue or testamentary appointee.

The attack by the receiver was wholly unsuccessful in the attainment of the object sought (*Matter of Chambers*, 167 Misc. 843), the decision of the total validity of the will being predicated on a thoroughly established principle of law which was recognized in England over 150 years ago, was fully elucidated in this State over 80 years ago and which has repeatedly been applied by the Court of Appeals and Appellate Division as well as at *nisi prius* ever since.

In view of the more or less gratuitous nature of this attack, its complete failure and utter absence of merit, this court was unable to perceive any sound reason why its attendant expense should be borne by its victims and concluded its decision with the statement (*Matter of Chambers*, 167 Misc. 843, 848): " In its discretion, the court will award costs of this proceeding against the

petitioner to the respondents Julian G. Chambers and Charles Chambers."

The receiver-petitioner deems himself aggrieved by this discretionary allowance and seeks its elimination, urging, in substance, that he acted in a representative capacity only, pursuant to an authorizing order of the court of his appointment which " was entered upon the written request of * * * judgment creditor;" that this court entertained the petition in the first instance " thereby indicating that the facts set forth therein presented a proper case for the action of this Court;" that the proceeding was instituted in good faith; that had he not instituted it, the receiver might have been called upon to respond in damages had the will subsequently been held invalid; that the claim of the judgment creditor is a meritorious one and that he, the receiver, has no funds in his hands from which to pay the costs, his own commissions or even his own " attorney's fee in the matter."

Whether or not the basic claim of the judgment creditor was a meritorious one is wholly immaterial. It is now merged in a judgment which is immune from collateral attack. Until vacated every judgment is meritorious and one no more than another.

The fact that the petition was entertained by this court means nothing whatsoever except that a question over which this court possessed jurisdiction and which had never previously been adjudicated was presented for determination by one claiming to be a party in interest. It is not the policy of this court to deny its process in such situations. This does not imply, however, that any advance evaluation of merits is made. It would not be feasible for this court to make any such decision even were advance adjudication of a controversy permissible.

That any potential liability would have accrued to the receiver had he not instituted the proceeding is at least doubtful in the absence of a request by the judgment creditor, concerning which more anon.

These eliminations leave for consideration the objections that the proceeding was instituted in good faith by the receiver upon the request of the judgment creditor and that he has no funds in his hands to make good to his opponents the damage which they have suffered by reason of his act. That good faith is an insufficient ground upon which to predicate a denial of assessment for damage caused, is as true in this connection as it is in any other civil responsibility.

The basic theory of costs has repeatedly been stated: " Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending

an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault * * * *victus victori in expensis condemnatus est."* (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560, 566.)

The petitioner urges in effect that this rule should not be applied to him because of his supposed status as an officer of the court, but tenders no authority to support his contention. Even were he in reality an officer of the court, this, of itself, would afford no justification for his act of invasion of the rights of others. Except to the extent of a polite fiction, however, a receiver in supplementary proceedings is not an officer or instrumentality of the court of his appointment. He is merely a cog in the machine which has been erected by statute to assist the judgment creditor to enforce his claim. He is an instrumentality or weapon of such creditor, only. This is amply demonstrated by the provisions of rule 177 of the Rules of Civil Practice which provide that as a condition precedent to permission to bring an action, the receiver " shall present and file with his application the written request of the creditor in whose behalf he was appointed that such action be brought, or else he shall give a bond, with sufficient security, properly acknowledged, and approved by the court, to the person against whom the action is to be brought, *conditioned for the payment of any costs which may be recovered against such receiver."* (Italics not in original.) The implication of the italicized clause is so clear to the effect that costs are recoverable against a receiver in such a situation that citation of authority is unnecessary.

The petitioner's plea that he is without funds from which to make payment remains for evaluation. This, too, is answered by the foregoing rule. The request of the judgment creditor which is required in the alternative as a prerequisite to permission for suit is a substitute for the filing of a bond assuring the defendant of the collectibility of costs awarded to him. If the action is instituted pursuant to such request there would, as an abstract matter, appear to be no basis for denial of a claim of the receiver for indemnity by his judgment creditor against attendant expense.

However this may be, the question is removed from the realm of conjecture by the provisions of section 1547-a of the Civil Practice Act which expressly provides for a direction to " the party who moved for the appointment of the receiver to pay " " the allowance

of the receiver and the fees of his attorney " " in addition to the necessary expenditures incurred by the receiver."

The costs in the present proceeding come within the description of " necessary expenditures incurred by the receiver " since they constitute compensation to the respondents for the damage caused by the action which he took at the request of the judgment creditor.

The motion for reargument is granted and on such reargument the court adheres to its former decision.

Enter order on notice in conformity herewith.