In the Matter of Supplementary Proceedings: MUNCH BREWERY, INC., Appellant, v. TILLIE GRIEF and ABRAHAM GRIEF, Respondents.— Order vacating subpœna for examination of the judgment debtor Abraham Grief reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; examination to proceed on five days' notice. In accordance with the contract of insurance, the insurance company obligated itself, among other things, to give prompt and efficient service in investigating cases of bodily injuries or property damage to others, in conducting negotiations for the settlement of, or in contesting, claims, and in defending any suit brought against the insured to recover damages because of such cases of bodily injuries, death, or damage to property of others. In connection therewith, the insurance company undertook to pay, in addition to damages, all expenses incurred by the company for investigation, negotiation or defense. The latter assumed payment of costs which might be imposed against the assured. Costs in an action are not awarded as a gratuity or emolument for inconvenience sustained, but constitute compensation for expense ordinarily incurred in the defense of an action. (*Stevens* v. *Central Nat. Bank*, 168 N. Y. 560, 566.) The insurance company was entitled to be subrogated to the rights of the assured against the judgment debtors " as respects any payment made under this policy," for it had borne the expenses which the judgment for costs was designed to compensate. For the purpose of determining the rightful claimant of the judgment for costs, the insurance company was the actual defendant, and Munch Brewery, Inc., was simply the nominal defendant. (*McGregor* v. *Comstock*, 28 N. Y. 237.) The attorneys who issued the subpœna were authorized to do so (Civ. Prac. Act, § 775, subd. 2) and were also authorized to satisfy the judgment within a period of two years after its

entry. The assured was without power, under the circumstances, to abrogate their authority, and the judgment debtors have no standing to deny it. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur. [169 Misc. 382.]