In the Matter of Supplementary Proceedings: WALTER S. POWLEY, Judgment Creditor, *v.* DORLAND BUILDING Co., INC., Judgment Debtor.

HARRY STRONGIN, as Executor of the Rents and Profits in an Action Entitled DORLAND BUILDING Co., INC., Plaintiff, *v.* KALGREEN REALTY CORP. and Others, Defendants, Third Party; ARTHUR WIENER, Receiver in Supplementary Proceedings of DORLAND BUILDING COMPANY, INC.

Supreme Court, Special Term, Kings County, December 11, 1939.

*Leo E. Sherman*, for the judgment creditor.

*Edgar W. Hendrickson*, for the receiver.

HOOLEY, J. Motion by a judgment creditor to remove an attorney for a receiver in supplementary proceedings. It squarely presents the question as to whether a judgment creditor may compel a receiver in such proceedings to dismiss an attorney selected by him, and accept an attorney selected by the judgment creditor. The order appointing the receiver provided as follows: " That said Receiver be and he hereby is authorized to retain counsel in this proceeding." It appears that this case has been litigated extensively and even in the Court of Appeals. During this litigation the attorney selected by the receiver has been the attorney of record for the receiver, although it is claimed that he has done nothing but sign his name to papers. The court gathers the impression that the attorney for the judgment creditor advised the appeal to the Court of Appeals and has done the real work in the case. Considerable more legal work is necessary in order to make the decision

of the Court of Appeals effective and it seems strange that the attorney for the receiver should refuse at this late date to continue to closely co-operate with the attorney for the judgment creditor.

However, while this court is of the opinion that a receiver in supplementary proceedings except in a technical sense is not an officer or instrumentality of the court but is, as was said by Surrogate WINGATE in *Matter of Chambers* (169 Misc. 124), merely a cog in the machine which has been erected by the statutes to assist the judgment creditor to enforce his claim and is an instrumentality or weapon of such creditor only, nevertheless, those same statutes have indicated the powers of the receiver in language which the court may not disregard. Section 804 of the Civil Practice Act provides in part as follows, in speaking of receivers in supplementary proceedings: " He shall have the usual powers and duties of a receiver in addition to those specifically provided in such order." Rule 180 of the Rules of Civil Practice provides that no receiver shall have power to employ more than one counsel except under certain special circumstances and then only upon special application to the court.

From all of this it appears that there is authority in the receiver to select his own attorney, and section 804, above referred to, indicates that the court may grant him specific powers in the order appointing him; that has been done in the very order appointing this receiver. He was given specific power to select an attorney. Of course, if the receiver does not co-operate with the judgment creditor or his attorney, that would be ground for seeking the receiver's removal.

It is unnecessary in view of this holding to pass on that part of the motion with respect to fixing the fee of said attorney. Motion denied.