WALTER BERNIER et al., Plaintiffs, *v.* HOUSEHOLD FINANCE CORPORATION, Defendant.

Supreme Court, Special Term, New York County, October 10, 1944.

*John C. McDermott* for defendant.

*Irwin Slater* for plaintiffs.

MORRISON, J. This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. The complaint alleges, for a first cause of action, that the plaintiffs borrowed the sum of $220 from the defendant, a licensed lender doing business in this State under article IX of the Banking Law of the State of New York; that as security for said loan, the plaintiffs gave the defendant their promissory note in said sum of $220, payable with interest at the rate of 2½% per month on the first $100 and 2% per month on the remaining principal balance; that as further security for the repayment of the loan, plaintiffs executed and delivered to the defendant a chattel mortgage on their household goods and effects.

The complaint further alleges that no payments were made on the loan and that on August 13, 1943, the defendant herein commenced an action against the plaintiffs herein in the Municipal Court of the City of New York to recover said sum of $220 principal with interest; that the defendants in said action appeared and answered, but defaulted on the trial, and judgment on inquest was thereupon entered on January 28, 1944.

A copy of the judgment is annexed to the complaint; it shows that the judgment is for the amount of the loan, with interest, in accordance with the terms of the note, together with statutory costs of $20 and disbursements of $4.50. The complaint further alleges that the charge of $24.50 in the judgment for costs and disbursements was and is forbidden by section 352 of the Banking Law, and that by the provisions of sections 340–365 of article IX of the Banking Law, the judgment, note, loan and chattel mortgage were void.

For a second cause of action, after repeating all of the foregoing allegations, the complaint alleges that pursuant to the judgment an execution was issued against the wages and salary of the defendant, Walter Bernier, in said Municipal Court action, and the complaint sets forth, in effect, that under the execution, said plaintiff's employer has been and is making

deductions from plaintiff's salary; that he threatens to continue to do so; that the city marshal who made the levy has received or is to receive his fees, and that under said provisions of the Banking Law, the judgment, and the instruments on which it was rendered, are void.

The complaint prays for judgment declaring that the execution, the judgment in the Municipal Court, and the note and chattel mortgage are void, requiring defendant to cancel and surrender said instruments, directing the clerk of the Municipal Court to cancel of record the judgment and execution, and directing the restitution of all salary deductions.

Referring to the first cause of action, the pertinent provisions of the Banking Law are contained in section 352 thereof. That section sets forth certain restrictions on loans of $300 or less, and provides that the lender " may charge, contract for, and receive " certain " interest, consideration, or charges " therein specifically set forth. It further provides that " In addition to the maximum rate or amount of interest, consideration, or charges above specified, no further or other charge or amount whatsoever for any examination, service, brokerage, commission, expense, fee, or bonus or other thing or otherwise shall be directly or indirectly charged, contracted for, or received," except the fees of any public officer for filing, recording or releasing any instrument securing the loan. The section also contains the following provision: " If any interest, consideration or charges in excess of those permitted by this act are charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

The prohibition against the exaction of any additional interest, consideration or charges relates to the making of the loan, the interest thereon, and certain fees, if any, of any public officer, to which reference has been made. It does not appear from a careful examination of the entire section that the Legislature, in limiting the lender to the rates of interest and the charges specified therein, intended to take cognizance of the borrower's default and to affect other statutory enactments which would otherwise be controlling; such examination indicates that the prohibition does not relate to the rights and remedies of the lender after default by the borrower.

Any other construction of the statute would be unreasonable. Section 143 of Book 1, entitled Statutes (1942 ed.), of McKinney's Consolidated Laws of New York lays down the general rule that in their interpretation they shall receive a reasonable

construction, and that " An interpretation which is contrary to the dictates of reason or leads to unreasonable results is presumed to be against the legislative intent, and some other construction, should be placed on the statute, if possible without violation of its language."

Plaintiffs' counsel directs attention to the provisions of subdivision 6 of section 345 of chapter 588 of the Laws of 1915 which were omitted from the present Banking Law, in support of his contention that costs and disbursements in a judgment are a " charge " within the definition of the term in the present statute, or a " contract " therefor, within that statute. That section provided that " No charge other than costs specifically prescribed by law to be included in any judgment shall be made against any borrower by reason of the institution of any action or proceeding to appropriate security to the payment of any loan or of any action to recover of the borrower any sum lent."

The contention is untenable. There is no common-law right to costs in the State of New York. Such rights are statutory, and, unless otherwise specifically provided, are those granted by the Civil Practice Act.

In the instant case, the allowance of costs is governed by section 164 of the New York City Municipal Court Code (L. 1915, ch. 279), which provides that " In all actions there shall be allowed to the prevailing party, if he shall have shown that he appeared by attorney, the following sums as costs ", and then follow provisions pursuant to which the costs awarded by the judgment were allowed. Section 170 provides that " Except where the contrary is specifically provided by law, a party to whom costs are awarded   *   *   *   shall be allowed his necessary disbursements ", and then follow other provisions pursuant to which the disbursements awarded by the judgment are allowed.

It must be presumed that the Legislature knew the prevailing law and that had it intended, by section 352 of the Banking Law, to except plaintiffs in actions to recover debts incurred pursuant to the so-called " Small Loan Statute " from the general provisions of law in relation to costs and disbursements contained in the Civil Practice Act, the New York City Municipal Court Code, or elsewhere, it would have specifically so provided.

Statutory costs are a matter of right. (*Friedman* v. *Borchardt,* 161 App. Div. 672; *Nunnery* v. *Bobrose Developments, Inc.,* 163 Misc. 829.) They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. (*Mercantile Factors*

*Corp.* v. *Warner Bros. Pictures, Inc.*, 215 App. Div. 530; *Matter of Chambers*, 169 Misc. 124; *Munch Brewery, Inc.*, v. *Grief*, 256 App. Div. 1075.)

It has been held that the purpose of section 352 of the Banking Law was to prohibit anyone from charging the borrower any other sum than the lawful interest and fees provided in the statute on any pretext whatever (*Stuback* v. *Sussman*, 8 N. Y. S. 2d 141, affd. 256 App. Div. 903, 281 N. Y. 719) and that in determining whether there has been a compliance with the section, the test is whether the lender has placed upon the borrower the burden of an additional charge, in order to give the lender compensation in excess of that contemplated by the statute. (*Martorano* v. *Capital Finance Corp.*, 289 N. Y. 21.) The section is " penal " in character, and the court may not by implication extend its prohibition beyond the fair import of its terms. (*Household Finance Corp.* v. *Goldring*, 263 App. Div. 524, affd. 289 N. Y. 574.)

The imposition of costs in the Municipal Court action was not a burden placed on the borrower by the lender, but was created, as a matter of law, by the default of the borrower and the lender's being obliged to resort to the institution of an action to recover that which was lawfully due to it. The costs were in no sense the subject of the litigation in the Municipal Court, but attached to, and became part of, the judgment to which the lender became entitled on the borrower's default, as a matter of statutory right.

As to the second cause of action, section 178 of the New York City Municipal Court Code specifically provides for the payment of fees to be allowed and paid to marshals for their services. Such fees, collected under the garnishee order and execution referred to in the complaint, are not " charges " proscribed by section 352 of the Banking Law.

In view of the foregoing, a determination here in respect to defendant's contention that the judgment of the Municipal Court is *res judicata* is unnecessary.

The motion to dismiss the complaint for insufficiency is granted. Settle order.