**STANDARD SURETY & CASUALTY COMPANY OF NEW YORK, Plaintiff-Appellee, v. METROPOLITAN CASUALTY CO. OF NEW YORK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20135. Decided Dec. 17, 1945

Geo. M. Greetham, Cleveland, for plaintiff appellee.
Wm. E. Pfau, Youngstown, for defendant appellant.

## OPINION

By SKEEL, P. J.

The plaintiff filed this action in the Common Pleas Court to recover its expense incurred in defending The United Insurance Company in two separate actions brought by Mary F. Hoskins and her husband, seeking damages for personal injuries and loss of services.

The actions of Mary F. Hoskins and her husband were originally filed against both The United Insurance Company and J. A. French. During the progress of the proceedings the plaintiffs dismissed their actions as to the defendant, French, and thereafter The United Insurance Company was the sole defendant.

Plaintiff's petition alleges that it was the claim of Mrs. Hoskins and her husband against The United Insurance Company that the said French was an agent and employee of The United Insurance Company and that while acting in the course and scope of his employment he so negligently operated his automobile as to injure Mary F. Hoskins. The plaintiff further alleges that the defendant, The Metropolitan Casualty Insurance Company of New York had issued a policy of insurance to J. A. French, agreeing to defend at its expense the said French, against any claim for damages growing out of the use of his motor vehicle and to pay such dam-

ages within the policy limits as was caused by the negligent operation of said vehicle. The policy, in defining the word "insured" provided as follows:

"Definition of 'Insured': Except where specifically stated to the contrary, the unqualified word 'insured' wherever used in Coverages H and I and in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial' each as defined herein, and provided further the actual use is with the permission of the named insured."

The plaintiff's petition further alleges that the defendant refused to defend The United Insurance Company against the actions of Mary F. Hoskins and her husband and that as a result this plaintiff who had issued a "non-ownership" liability policy to the United Insurance Company was compelled to conduct such defense and in so doing was compelled to expend the sum of $353.94.

Plaintiff's petition alleges that one of the provisions of its "non-ownership" liability policy with The United Insurance Company was as follows:

"Other Insurance: The insurance afforded hereby shall be excess insurance over any other valid and collectible insurance available to the named insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder."

And further alleges that said policy provided in part:

"Subrogation: In the event of any payment under the policy, the company shall be subrogated to all the insured's rights of recovery therefor, and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights."

The plaintiff attached to and made a part of its pleadings photostatic copies of both insurance policies as exhibits 1 and 2 and also copies of the petitions of Mary F. Hoskins and her husband as exhibits 3 and 4.

The defendant demurred to the petition of plaintiff, claiming that because it did not allege in the petition that

The United Insurance Company was in fact legally responsible for the use of the automobile by French and did not set forth that the declared use of the automobile was "pleasure and business" or "commercial" it did not state a cause of action. The court overruled the demurrer and the defendant not desiring to plead further, judgment was rendered against it by the court.

It is claimed by the defendant that the court erred in overruling the demurrer.

In giving consideration to this question it must be remembered that in the cases of Mary F. Hoskins and her husband against French and the United Insurance Company if there was any liability at all, French was primarily liable and the insurance company, because of the doctrine of respondeat superior, was secondarily liable, so that if the United Insurance Company was compelled to pay damages it could in turn recover such loss from French. This question was decided by this court in the case of **Ohio Casualty Ins. Co. v Carmen Capolino, (44 Abs 564)** decided December 3, 1945, Case No. 20119 (8th District Court of Appeals of Ohio), following the rule as stated in Restatement of Restitution, page 418 §96:

"A person who, without fault, has become subject to tort liability for the unauthorized act and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

The plaintiff under the provisions of its "non-ownership" liability policy above quoted, stands in the position of United Insurance Company, the employer of French, in seeking to recover expenses incurred in defending the United Insurance Company against claims alleged to have resulted from the negligence of French.

The contract of defendant by the policy it issued to French, bound it to defend any claim made against French, no matter how groundless, in which damages were claimed to have been sustained as a proximate result of his negligence in the operation of his automobile. The policy extended its coverage by the clause above quoted, to include:

"* * * * * any person or organization legally responsible for the use thereof" * * * "provided declared and actual use of the automobile is 'pleasure and business' or 'commercial' * * * * * * * * * *"

432.

The allegations of plaintiff's petition are that the petitions of Mary F. Hoskins and her husband that she was injured because of the negligence of French while operating his motor vehicle covered by defendant's insurance policy issued to French and that the accident happened while he was acting for the United Insurance Company as its agent, in the furtherance of its business. These allegations bring the action clearly within the terms of the policy and even though such claims were without substance, the defendant was thereby bound to carry on the defense of the United Insurance Company. Failure to do so constituted a breach of its contractual duty to defend The United Insurance Company which under the facts pleaded was entitled to the benefit of the policy provisions.

In the case of **Bloom-Rosenbloom-Kline & Co. v Union Indemnity Co., 121 Oh. St. 220,** the defendant had issued a policy of insurance to the plaintif against loss from the liability imposed by law upon the insured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered by any person or persons, caused by the automobile (vehicles) described or referred to in the policy. The policy further provided that the insurance company, if suit was brought to enforce such claim for damages, would defend such action on behalf of the insured, no matter how groundless the action might be. Such an action was brought by one who claimed to have been riding as a passenger in a vehicle hired by the assured and operated by one of its employees and by reason of the negligence of such employee a collision took place and the claimant was injured. After proper notice of the pending action the defendant filed certain pleadings and then refused to proceed further with the defense.

The plaintiff brought action for the expenses incurred in defending itself against such pending action. The petition did not contain an allegation that the vehicle which it was claimed was operated negligently by the assured's employee was covered by the policy. The trial court sustained a demurrer to the petition and the plaintiff not desiring to plead further, judgment was rendered against it. In reversing the trial court and the Court of Appeals, the Supreme Court on page 225-226 of the opinion says:

"It is claimed that it was necessary that the plaintiff allege that the damages of the injured party were sustained while riding in an automobile in fact covered by the policy of insurance, or that an automobile covered by the policy was in fact involved in the accident. That begs the question.

Though it turned out that the automobile in which Terihay was riding was neither owned or hired by the assured and that the assured had no liability whatever, that fact was demonstrated and the defense established only at the end of a lawsuit. It is quite obvious that under the situation presented the assured could not aver that an automobile covered by the policy was involved in the accident. Its defense was that it had nothing to do with the automobile that caused the injury. The obligation specifically assumed by the insurance company to make defense against such action as that brought by Terihay required it to proceed to conduct the defense in behalf of the assured upon the giving of notice of such suit, and otherwise complying with the conditions of the policy in that respect. If the facts set up in Terihay's petition had been established in the trial of that case, and a judgment rendered therein, the insurance company would have been required under the liability clause of its policy to satisfy the judgment to the extent of the amount specified in its policy. Applying that test in this case, how can there be any question as to the liability of the company, under the defense clause of its policy, to make a defense to the claim set up in the action brought by Terihay?"

The second paragraph of the syllabus provides as follows:

"2. The petition in such action by the assured to recover from the company the cost and expense of maintaining its defense in the suit brought by the party claiming to have been injured, states a cause of action even though it does not contain an averment that the automobile covered by the policy was in fact involved in the accident resulting in the injury complained of."

Also, in the case of **Socony-Vacuum Oil Co. v Continental Casualty Company, 144 Oh St 382**, the first paragraph of the syllabus provides:

"1. The duty of a liability insurance company under its policy to defend an action against its insured is determined from the plaintiff's petition and when that pleading brings the action within the coverage of the policy of insurance, the insurer is required to make defense regardless of its ultimate liability to the insured."

The only distinction to be found between these cases and the case at bar, is that in the cases cited, the actions were

brought against the named insured while in the case here under consideration, the plaintiff is one that is described in the omnibus clause, that is, one who was the employer of the assured and therefore 'legally responsibile for his acts done while acting within the course and scope of his employment.

The defendant relies strongly on the case of Southern Underwriters Co. v Dunn, 96 Fed (2d) 224 Circuit Court of Appeals, 5th Circuit, 1938, to sustain its claim that the petition does not state a cause of action. This case, however, is easily distinguishable. While it is true that the plaintiff's petition in the Dunn case alleges that the defendant was the employer of the driver of the truck which injured the plaintiff and that at the time of the accident he was acting within the course and scope of his employment and that such allegations brought the defendant within the provisions of the driver's policy as being legally responsible for his conduct, yet, upon trial, the parties stipulated:

"That contrary to the allegations in said petition, the truck involved was owned solely by Kimmel (the driver); Dunn (whom plaintiff alleged was the owner of the truck and was hauling oil well pipe for Stanolind Pipe Line Co) and Stanolind Pipe Line Company had no ownership or interest in it, and Stanolind had had no interest or ownership in the oil well pipe and casing being hauled; that in truth and fact Kimmel was hauling the casing under an independent contract with Dunn, by the terms of which Kimmel agreed to and did furnish his own truck and did haul the pipe for an agreed price per foot for such casing and Dunn did not reserve or have any control or supervision over Kimmel or the truck he was using, or of the route, time or method of the hauling * * * * * * * *."

The action was one for a declaratory judgment to determine whether under all the circumstances the insurance company under its omnibus clause by which it agreed to defend "one legally responsible" it was bound to defend Dunn and Stanolind Pipe Line Company. Under the stipulation of fact the court determined that neither Dunn nor Stanolind Pipe Line Company was legally responsible for the conduct of Kimmel, the assured, and therefore did not come within the terms of the policy. But without the judicial determination of such facts through the offices of a declaratory judgment action, the result would have been different. The headnote clearly brings out this point:

"A stipulation entered into in a suit by insurer for a declaratory judgment to the effect that defendants were not 'other insured' within the meaning of policy at time of accident, relieved insurer from the obligation of defending actions against the defendants wherein the complaints alleged that the defendants were responsible for the use of the assured's truck; notwithstanding provision in policy required insured (insurer) to defend actions against. 'other persons' responsible for the use of the Truck, even though the actions were groundless."

In Insurance Law & Practice, by Appleton, Vol. 7, page 131 §4355, it is stated:

"Where a truck was driven by a person legally responsible for its operation with the permission of the named insured within a purpose permitted by the policy the operator was protected by the policy whether the owner was personally present or not. Of course the term 'permission' applies equally to one operating the vehicle as to one legally responsible for its use."

"The term 'legally responsible' includes a number of different types of persons, who may receive policy protection. First and foremost, of course, it includes persons actually operating the vehicle under the terms of the omnibus clause. It may include an employer, in whose business the driver was engaged at the time of the accident, even though liability to a deceased passenger, a fellow employee of the driver, may have been limited by a state compensation act. It may include one having proper custody of a vehicle entrusted to him by a bailee of the insured. And instances of legal liability arising from the insured's having signed a minor's application for a license, or by reason of having permitted a person below the required age to drive have been held included within this term. A person not included within one of such categories is generally not protected by these policy terms."

In the case of Monroe v Heard et al, 168 So. 519 (Court of Appeals Louisiana, 1st Cir. 1936) action was brought by one injured through the claimed negligence of one who borrowed the car from the owner and with the consent of the owner was directing its operation by a third person. The petition alleged that the borrower of the automobile negligently directed the operation of the automobile. The court held, as is disclosed by the third paragraph of the headnotes, as follows:

"Borrower using automobile with insured's consent held within liability policy extending coverage to any person riding in or legally operating automobile with insured's consent or legally responsible for operation thereof if borrower was riding in front seat and directing third person who was driving automobile."

And on page 521 we find:

"* * * * * The car was placed under Mrs. Perkins unrestricted charge by the owner. Was Mrs. Perkins responsible to plaintiff for the operation of the car? Does the petition set out such facts as would render Mrs. Perkins liable if she were made a party defendant? If she is liable for the operation of the car by Borsum, and if judgment could be rendered against her, it follows that she would be protected under the policy to the same extent as the insured owner."

In 5 American Jurisprudence, page 809, §543, it is said:

"One within the protection of the omnibus clause in respect of an accident and his liability therefor, is an 'assured' within the meaning and effect of a policy provision giving to an injured person or his or her personal representative a right of action against the insurer, 'in case execution against the assured is returned unsatisfied' because of the latter's insolvency or bankruptcy."

72 A. L. R. 1430 part XVI.

Clements v Preferred Accident Ins Co. 41 Fed (2d) 470, (C.C.A. 8th).

It seems clear therefore that the plaintiff herein under the facts pleaded was entitled to the protection of the policy issued by the defendant to French (plaintiff's employee) under the provisions of the omnibus clause and the court was correct in overruling the defendant's demurrer, and the judgment, which was entered upon the defendant's refusal to plead to the issues presented by plaintiff's petition, must be sustained.

LIEGHLEY, J., concurs.
MORGAN, J., dissents.

The Judgment of the Court of Common Pleas in the within entitled action is hereby affirmed. Exceptions.

LIEGHLEY, J., concurs.
MORGAN, J., dissents.

### DISSENTING OPINION

By MORGAN, J.

The plaintiff appellee in this case is The Standard Surety Casualty Company of New York and will be hereinafter referred to as "Standard." The defendant appellant is The Metropolitan Casualty Insurance Company of New York and will be hereinafter referred to as "Metropolitan."

To the petition filed by Standard in this case, Metropolitan demurred. The demurrer was overruled. Metropolitan not wishing to plead further, permitted judgment to be taken against it and then filed this appeal.

The petition discloses that Metropolitan issued to one French an automobile liability insurance policy. While French was operating his automobile in Youngstown on April 27, 1940, one Mary Hoskins made a claim that she was injured by reason of French's negligent operation of his automobile.

Mary Hoskins brought an action in common pleas court in Mahoning County against French and the United Insurance Company for damages, alleging that French was an employee of United Insurance Company and that at the time she was injured, French was acting in the course and within the scope of his employment. Her husband, Samuel Hoskins, also brought an action against the same parties in the same court for the loss of her services.

Both plaintiffs dismissed French as a defendant and the action proceded against The United Insurance Company alone.

The petition in the instant case alleges that the plaintiff, Standard, had issued a policy of liability insurance to the United Insurance Company, which was known as "Employers Non-ownership Liability." This policy insured the United Insurance Company against any loss by reason of the operation of an automobile of which the United Insurance Company was not the owner but for the operation of which it might be held responsible.

The petition in this case further alleges that service was duly had on the United Insurance Company in the Hoskins cases, and that the petitions in those cases were also served on Standard as the insurer of the United Insurance Company.

The petition further alleges that the liability insurance policy issued by defendant, Metropolitan, to French contains the following provisions:

"Definition of 'Insurer:' Except where specifically stated to the contrary, the unqualified word 'insurer' wherever used in Coverages H and I, and in other parts of this policy, when applicable to such coverages, includes not only the named Insurer, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial' each as defined herein, and provided further that the actual use is with the permission of the named insured."

That the United Insurance Company when sued in the Hoskins cases, made prompt demand upon Metropolitan to furnish a defense for it in the Hoskins cases, but Metropolitan refused and declined so to do.

That the non-ownership liability policy issued by Standard to the United Insurance Company contains the following provisions:

"Other Insurance: The insurance afforded hereby shall be excess insurance over any other valid and collectible insurance available to the named insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder."

"Subrogation: In the event of any payment under the policy, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights."

Standard's petition in this case concludes with the following two paragraphs:

"This plaintiff now says, under the terms of its policy issued to the said United Insurance Company and by reason of the failure of this defendant to enter a defense in behalf of the United Insurance Company, it, the Standard Surety & Casualty Company of New York did employ attorneys to investigate and defend the United Insurance Company in the actions brought against it as referred to herein, and did defend said actions, and did pay the costs of said investigation and legal services, and there are attached hereto and marked "Exhibit 5" and "Exhibit 6" itemized accounts of said services rendered, totaling the sum of Three Hundred Fifty Three and 95/100 Dollars ($353.95).

WHEREFORE, plaintiff prays judgment against the defendant herein in the sum of Three Hundred Fifty Three and 95/100 Dollars ($353.95) together with costs and interest from the 12th day of June, 1942."

The petition in this case, however, does not contain any allegations that the United Insurance Company, defendant in the Hoskins case, was "legally responsible for the use" of the automobile driven by French, and that the "actual use" of French's automobile when Mary Hoskins was injured, was "pleasure and business" or "commercial." In other words, Standard's petition in this case contains no allegation that The United Insurance Company was an "insured" as defined in Metropolitan's liability insurance policy issued to French.

Evidently Standard in preparing its petition in this case deemed it sufficient to allege that the petitions in the Hoskins cases against the United Insurance Company contained the allegation that French was an employee of the United Insurance Company at the time Mary Hoskins was injured and that he was then acting within the course and scope of his employment.

The only question presented in this case is this: For the petition to be good against demurrer, was it neccessary for plaintiff Standard, in this case to allege that its named insured, United Insurance Company, was covered by the policy issued by defendant, Metropolitan, to French, by reason of the fact that the United Insurance Company came within the definition of "insured" as found in the said policy.

The policy issued by defendant Metropolitan, to French, provided that "the company shall defend in his name and behalf, any suit against the insured alleging such injury or destruction, and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." When French originally was made a party defendant in the two Hoskins cases, clearly Metropolitan was obligated to make a defense for French, the named insured, no matter how groundless it considered the claim against him. Likewise, Standard was under an obligation by reason of its policy issued to the United Insurance Company to make a defense for the latter company, as its named insured, when it was made a party defendant in the Hoskins cases.

This principle was established in the two cases of **Bloom-Rosenblum-Kline Co. v Union Indemnity Co., 121 Oh St 220; 167 N. E. 864 (1929)** and, **Socony-Vacuum Oil Co. v Continental Casualty Co., 144 Oh St 382 (1945).**

It is my opinion that the doctrine of the said two cases should not and do not apply or govern, when some one other than the **named** insured is sued.

The consideration which caused the Supreme Court to hold in the Rosenblum and Socony-Vacuum Oil Company cases that the policies of insurance therein considered imposed an obligation on the insurance companies in those cases to defend the suits brought against the named insured, do not, in my judgment apply in this case.

There is no claim that the United Insurance Company paid anything for its coverage in Metropolitan's policy to French. It does not even appear that it knew anything about the policy previous to the accident. The United Insurance Company had protected itself from liability by placing a policy of liability insurance with Standard. Any claim that it might have against Metropolitan would be in the nature of a windfall.

The fact that there was imposed upon Metropolitan in its policy issued to French the obligation to defend the suit against the named insured, French, did not impose an obligation on Metropolitan to defend any suit brought against a person not named in the policy where the petition in the case might contain allegations which, if true, would bring the person sued within the protection of the omnibus provision of the Metropolitan policy.

In Southern Underwriters v Dunn, 96 Fed. (2d) 224, Circuit Court of Appeals, Fifth Circuit, the very question involved in this case was decided.

In the above case, Southern Underwriters had issued to one Kimmel an automobile insurance policy. By this policy Kimmel was the named assured but it also was issued for the protection of "other assured" which according to the policy was "any other person or organization using the automobile or legally responsible for the use thereof."

One Dunn and Stanolind Pipe Line Company brought an action for a declaratory judgment against Southern Underwriters in which they alleged that three suits had been brought against them and Kimmel for personal injuries received in a collision with Kimmel's truck. They prayed for a declaratory judgment that Southern Underwriters was obligated under its insurance policy issued to Kimmel to defend the said suits on behalf of Dunn and Stanolind Pipe Line Company and to pay within the policy limits any judgment rendered against Dunn and Stanolind Pipe Line Company in those suits.

It was stipulated that in each of the said three suits it

was alleged by plaintiff that at the time of the collision, Kimmel was acting as the servant or agent of the defendant, Dunn and Stanolind Pipe Line Company, in driving the automobile truck. Each of the pleadings also alleged that the collision was caused by the negligence and want of care of defendant in that Kimmel at the time of the collision, acting as the servant and employee of defendants, Dunn and Stanolind Pipe Line Company, violated the rules of the road and was otherwise negligent and careless.

It was further stipulated that contrary to the allegations in said petitions, the truck involved in the accident was solely owned by Kimmel and that Kimmel was hauling casing under an independent contract with Dunn and that Dunn did not reserve or have any control or supervision over Kimmel or the truck; that Southern Underwriters had been requested to defend the said suits on behalf of Dunn and Stanolind Pipe Line Company but had refused so to do.

The District Judge held that Southern Underwriters was obligated to defend suits on behalf of Dunn and Stanolind Pipe Line Company, by reason of the allegation contained in the petition filed against them. The judgment of the District Court was reversed by the Fifth Circuit Court of Appeals which upheld the contention made by Southern Underwriters as follows:

"The defense was that, obligated by the policy as defendant below, appellee here, admittedly was to defend the 'named' and any 'other insured' from groundless suits against them, it was not obligated by the policy to defend any one but the 'named assured' and 'any other person' who not merely by allegations in a plaintiff's pleading but in fact was 'another assured' under its terms. That the claim made in this suit, if sustained, would rewrite the policy, to require the insurer to defend any person whom anyone might elect to sue in connection with an accident involving the truck described in the policy, though the person sued was not the 'named assured' and was not, in fact, using or legally responsible for the use of the truck, if only the plaintiff in that suit should allege that the defendant in the suit was either using or legally responsible for the use of the truck."

· It is therefore my opinion that the petition filed by Standard in this case does not state a cause of action against the defendant, Metropolitan, inasmuch as it does not contain an allegation that the United Insurance Company, was within the coverage of the Metropolitan policy by reason of the de-

finition of "insured" which, as above stated, was contained in the policy.

It is, therefore, my opinion that the demurrer to the petition in this case should have been sustained and that the judgment of the common pleas court should be reversed.