143 So.2d 249 (1962)
MARYLAND CASUALTY COMPANY
v.
MARQUETTE CASUALTY COMPANY.
No. 651.
Court of Appeal of Louisiana, Fourth Circuit.
July 2, 1962.
Deutsch, Kerrigan & Stiles and John F. Tooley, Jr., New Orleans, for plaintiff and appellant.
James J. Morrison and William W. Messersmith, III, New Orleans, for defendant and appellee.
Before McBRIDE, SAMUEL and JOHNSON, JJ.
McBRIDE, Judge.
Plaintiff has appealed from a judgment dismissing its suit on an exception of no *250 cause or right of action. The facts, as alleged in the petition and as shown by the documents in the record, which must be accepted as true for the purpose of determining the exception, appear thus:
On the date September 26, 1960, a child was run into and injured by a pickup truck owned and driven by Thomas E. Mayo, who was at the time driving the vehicle during the scope and course of his employment with Gulf Engineering Company, Inc. Mayo was the assured under a standard policy of liability insurance issued by Marquette Casualty Company covering the pickup truck to the extent of $5,000. This policy not only protected Mayo as the named insured from liability for the negligent operation of the truck, but it also contained the usual omnibus clause which covered "any person or organization legally responsible for the use of the vehicle while it was actually used by the named insured." In addition to being an omnibus insured under Mayo's policy with Marquette, Gulf Engineering Company, Inc., was also covered as against liability by a policy issued to it by Maryland Casualty Company which, in condition 14, provides that with respect to the use of any non-owned automobile, the liability coverage shall be excess insurance over any other valid and collectible insurance. The limit of coverage afforded by the Maryland policy was $100,000.
The father of the injured child, on his own behalf and also for the use and benefit of the child, filed suit in the Fourth Judicial District Court for the Parish of Ouachita, for $414,883.67 as damages against Mayo and Gulf Engineering Company, Inc., and also against Marquette Casualty Company as their primary liability carrier, all in solido.
Gulf Engineering Company, Inc., upon being cited, forwarded the citation and petition to Marquette Casualty Company and requested that said insurer make defense on its behalf. This Marquette refused to do and returned the citation and petition. However, Marquette did undertake to defend Mayo, its named insured.
Faced with the possibility of a default judgment, Gulf then sent the citation and petition to Maryland, its excess liability insurer. Maryland retained counsel, who filed pleadings on behalf of Gulf. In defense of the suit, Maryland expended $294 for attorney's fees and costs of court.
In June 1961 the damage suit was comprised for $4,375, an amount below the limit of Marquette's liability under its policy. Of said sum Marquette contributed $4,125 for the liability of Mayo, while Maryland advanced $250 on behalf of Gulf Engineering Company, Inc. Unless Maryland paid the $250 for Gulf, Marquette would not have included Gulf in the release executed by the plaintiff.
Maryland claims Marquette is liable for the $250 which was paid on behalf of Gulf in the settlement, and also for the $294 which was expended in defending Gulf in the suit.
It is alleged that by the terms of its policy Maryland is subrogated to all of Gulf's rights as against Marquette, and by means of this suit it seeks to recover the $544 from Marquette.
An employer as an omnibus insured is protected by a liability policy issued to an employee on his personal vehicle when the same is driven by the employee in the course and scope of his employment. Therefore, Gulf Engineering Company, Inc., was covered under the Marquette policy. McAllister v. Jackson Brewing Co., La.App., 6 So.2d 179; Monroe v. Heard, La.App., 168 So. 519; Travelers Ins. Co. v. State Farm Mutual Automobile Insurance Co., D.C., 175 F.Supp. 673, aff. 5 Cir., 274 F.2d 208; Standard Surety & Casualty Co. of New York v. Metropolitan Casualty Co. of New York, Ohio App., 67 N.E.2d 634; Appleman Ins. Law and Practice, Vol. 7, § 4355, p. 248; Annotation, 72 A.L.R. 1375, 1414.
*251 The question presented is whether Maryland in making the payment of $250 on behalf of Gulf in the settlement and in incurring the expense of $294 in defending Gulf in the litigation has a right of recovery from Marquette therefor.
When Gulf Engineering Company, Inc., was sued, it had the right to look to Marquette Casualty Company to defend the suit in its behalf, as said insurer was primarily liable. Marquette summarily refused to defend and Gulf sought protection from Maryland. Although only an excess liability carrier above $5,000, Maryland was forced to defend the action in which a judgment for more than $400,000 was being sought or otherwise stand the chance of exposure to substantial liability. In view of this, Maryland could not abandon Gulf merely because Marquette saw fit not to defend the action on Gulf's behalf, and certainly Marquette cannot escape liability because of its refusal to defend, for, under the law, it cannot profit by its own breach of its contract with Gulf.
By having failed to honor its contractual duty of defending the lawsuit on behalf of Gulf, Marquette became indebted unto Gulf for the cost of the defense, and Gulf's claim against Marquette passed to Maryland under the subrogation clauses of that insurer's policy, reading thus:
"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization * * *."
Counsel for Marquette make the plea that the defense it furnished for Mayo was in fact a defense of Gulf. They say in their brief: "The liability of Gulf Engineering Company, Inc., was derivative only, and there could be no possible liability on Gulf Engineering Company, Inc. unless it were alleged and proved that Mayo was negligent."
We do not agree that to defend Mayo was to defend Gulf. If no defense had been interposed on behalf of Gulf, a default judgment might have been entered in the case. It is entirely conceivable that a judgment by default could have been rendered against Gulf, and that after a trial on the merits, Mayo might have been completely exonerated. Under our procedural system the confirmation of a default takes place ex parte.
Marquette was as obligated to protect Gulf, as the omnibus insured, to the same extent it was duty bound to protect Mayo, as named insured. The allegations are to the effect that notwithstanding this, Marquette undertook to settle Mayo's liability with the plaintiff in the damage suit for $4,125, but at the same time refused to make settlement as to the plaintiff's demands against Gulf. Under these circumstances it is manifest that if Maryland had not paid the $250 to the plaintiff, the lawsuit might have, under a proper reservation of rights, been continued on as against Gulf. Marquette should have settled the case on behalf of both insureds, and it cannot be permitted to avail itself of its abandonment of Gulf in the matter of the settlement. Gulf had a valid claim under the policy against Marquette for whatever reasonable amount was required to secure a release of its liability and as in the case of the costs expended for the defense, this claim of Gulf likewise passed to Maryland under the subrogation clauses in that insurer's policy.
Aside from the provisions of the policy with respect to subrogation, Maryland, under the law of Louisiana, became the legal subrogee of the plaintiff in the damage suit as against Marquette for the $250. Subrogation to the right of a creditor in favor of a third person who pays him is either conventional or legal. LSA-C.C. art. 2159. Subrogation takes place of right for the benefit of him who, being bound with others, or for others, for the payment *252 of the debt, had an interest in discharging it. LSA-C.C. art. 2161.
Maryland, as excess insurer, had a sound interest in discharging the claim against Gulf because if the suit had not been settled, there existed the possibility that Maryland would have been cast for a large sum. If a judgment for more than $5,000 had been recovered, which was entirely possible, both insurers would have been compelled to pay their contractual share thereof, so it can be said that both insurers were bound for the debt. The right of legal subrogation extends to every case where a person pays a debt wherefore he is bound with another when it is to his interest to discharge it. Decuir v. Carnes, 173 La. 563, 138 So. 103; Zeigler v. His Creditors, 49 La.Ann. 144, 21 So. 666; Duchamp v. Widow Dantilly, 9 La.Ann. 247; R. F. Mestayer Lumber Company, Inc. v. Cusack, La.App., 141 So.2d 166. Having become legally subrogated to all the creditor's rights, Maryland may use all means it can to enforce payment from Marquette. LSA-C.C. art. 2160; Steele v. Hough, 174 La. 441, 141 So. 22; Connely v. Bourg, 16 La.Ann. 108; Duchamp v. Widow Dantilly, supra; Succession of Dorsey, 7 La.Ann. 34; King v. Dwight, 3 Rob. 2; Sprigg v. Beaman, 6 La. 59.
Our conclusion is that Maryland, as the excess insurer, which was forced to defend the suit and make settlement for and on behalf of Gulf to protect both Gulf and itself is entitled to recover from Marquette which was the primary insurer. This accords with jurisprudence prevailing in other jurisdictions. See Travelers Insurance Company v. State Farm Mutual Automobile Insurance Company, supra; American Surety Company of New York v. Canal Insurance Company, 4 Cir., 258 F. 2d 934; Aetna Casualty & Surety Co. v. Buckeye Union Cas. Co., 157 Ohio St. 385, 105 N.E.2d 568, 31 A.L.R.2d 1317; Travelers' Ins. Co. v. Great Lakes Engineering Works Co., 184 F. 426, 36 L.R.A. 60; United States Fidelity & Guaranty Co. v. Thomlinson-Arkwright Co., 172 Or. 307, 141 P.2d 817; Annotations, 31 A.L.R.2d 1324; 142 A.L.R. 809, 812; 122 A.L.R. 1204.
For the reasons assigned, the judgment maintaining the exception of no cause or right of action is reversed, and said exception is dismissed and the cause is remanded to the Civil District Court for the Parish of Orleans to be there proceeded with in accordance with law.
Marquette Casualty Company is cast for the costs of both courts.
Reversed and remanded.