377 P.2d 786

NATIONAL FARMERS UNION PROPERTY
AND CASUALTY COMPANY,
Plaintiff and Appellant,

v.

FARMERS INSURANCE GROUP and
Farmers Insurance Exchange, De-
fendants and Respondents.

No. 9625.

Supreme Court of Utah.

Jan. 16, 1963.

Kipp & Charlier, D. Gary Christian, Salt
Lake City, for appellant.

Hanson & Garrett, Salt Lake City, for
respondents.

CALLISTER, Justice.

Plaintiff, National Farmers Union Property and Casualty Company, brought suit against Farmers Insurance Group[1] and Farmers Insurance Exchange (hereinafter referred to as defendant) to recover attorneys' fees and court costs incurred in the defense of John H. Morgan, Jr. in a property damage action. Judgment of no cause of action in favor of defendant was entered below and plaintiff appeals.

The action was tried before the lower court, sitting without a jury, upon stipulated facts. It seems that John H. Morgan, Jr. took his damaged automobile to the Bountiful Motor, from whom he had previously purchased the same, for the purpose of securing a repair bid. He desired to go to his home while his car was being examined and requested the use of another auto. He was referred to Raymond Earl Thomas, a car salesman for the company, who permitted Mr. Morgan the use of his privately owned automobile. Upon arrival at his home, Morgan parked the Thomas vehicle in the driveway. Shortly thereafter, and for reasons not material to this appeal, the car rolled out of the driveway and crashed into a building owned by Daniel T. Wolfe causing damage thereto.

At the time of the accident, both Morgan and Thomas had in effect automobile liability insurance. Morgan was the named insured under a policy issued by the plaintiff providing coverage on his automobile. Thomas was the named insured under a policy issued by the defendant providing coverage on his automobile. The coverage under both policies was $10,000 per person and $20,000 per occurrence for bodily injury and $5,000 for property damage.

Mr. Wolfe instituted an action against Mr. Morgan to recover for the damage done to his building. The damages prayed for were well within the limits of the insurance policies here involved. Demand was made upon defendant to defend the action, but the latter declined for the reason that the accident arose out of the use of Thomas' automobile in the "automobile business."[2] Whereupon plaintiff undertook to defend Morgan and prevailed in the action. Plaintiff then brought this suit to recover the attorneys' fees and costs which it incurred in defending the action.

The lower court held, and it is not now contested, that under the circumstances the insurance provided by the defendant was the primary coverage and that provided by plaintiff was excess or secondary.

It is plaintiff's contention that the defendant, as the primary insurance carrier, should have assumed the defense of Mor-

---

1. It was determined by the lower court, and is not challenged on this appeal, that Farmers Insurance Group was not a proper party to the action.

2. The policy issued by defendant excluded coverage "while the described automobile is being used in the automobile business * * *."

gan and its failure to do so made it liable to plaintiff by way of subrogation.

The court below found that the use of Thomas' auto by Morgan was not a use "in the automobile business." Therefore Morgan was entitled to coverage under the provisions of the policy issued by the defendant. However, it further held that the attorneys' fees and costs which had been incurred by plaintiff were primarily for plaintiff's benefit and not for the benefit of Morgan who was not obligated to reimburse plaintiff and that, therefore, defendant was not obligated under its policy to reimburse plaintiff.

■ Although defendant seeks affirmance of the judgment below, it assigns as error the court's finding that the Thomas vehicle was not being used "in the automobile business." We see no reason to overturn this finding. The cases cited to this court which seem to be in point support this finding.[3] These cases look at the use of the car from the standpoint of the driver. In the instant case the driver (Morgan) of the car was not an employee or agent of Bountiful Motor Company and was not in any way engaged in the automobile business. The Thomas automobile was not turned over to Morgan to be used by him for any business purpose.

■ With regard to whether or not plaintiff is entitled to recover from defendant, by way of subrogation, the attorneys' fees and court costs, the better reasoned cases would seem to support plaintiff's position.[4] Both policies obligated plaintiff and defendant to defend the action brought by Wolfe. However, the defendant, being the primary insurance carrier, was the insurer ultimately liable to pay a judgment against Morgan, had one been obtained, and therefore was obligated to defend him in the first instance.[5]

Plaintiff, in assuming the defense of Morgan, was no volunteer. It was obligated so to do under the terms of its policy after the defendant had refused. It is specious to say that Morgan incurred no expense and, therefore, there is no subrogation. Had Morgan paid these expenses and then been reimbursed by plaintiff, the latter would then have subrogation rights against the defendant. We do not think that this latter

3. Cherot v. U. S. Fid. and Guar. Co., 10 Cir., 264 F.2d 767, 71 A.L.R.2d 959, 963; McCree v. Jenning, 55 Wash.2d 798, 349 P.2d 1071.
4. Munch Brewery v. Grief, 169 Misc. 382, 6 N.Y.S.2d 989 (1938), 256 App.Div. 1075, 11 N.Y.S.2d 126 (1939); Bennett v. Preferred Acc. Ins. Co. of New York, 10 Cir., 192 F.2d 748; Standard Surety & Casualty Co. v. Metropolitan Cas. Co.,

45 Ohio L.Abs. 428, 67 N.E.2d 634; Aetna Casualty & Surety Co. v. Buckeye Union Cas. Co., 157 Ohio St. 385, 105 N.E.2d 568, 31 A.L.R.2d 1317; Fireman's Fund Indemnity Co. v. Freeport Ins. Co., 30 Ill.App.2d 69, 173 N.E.2d 543.
5. See: Travelers Ins. Co. v. General Casualty Co., 187 F.Supp. 234 (E.D.Idaho 1960).

procedure is necessary to establish the rights of an excess insurance carrier under the circumstances of this case. Subrogation is an equitable device to compel the ultimate discharge of a debt or obligation by the one who in good conscience ought to pay or discharge it.[6]

Reversed. Costs to plaintiff.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

6. Bennett v. Preferred Acc. Ins. Co. of New York, supra n. 4.