445 P.2d 772

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a corporation, Plaintiff and Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation, Defendant and Respondent.**

**No. 11176.**

Supreme Court of Utah.

Oct. 1, 1968.

---

W. Brent Wilcox, of Hanson & Garrett, Salt Lake City, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a summary judgment in favor of defendant insurance company with respect to a so-called "automobile business" clause in the policy. Reversed, with costs to appellant.

The facts have to do with a customer's leaving his car with a repair outfit for fixing, where, subsequently the car hit a pedestrian while being returned by the repairman to the owner. The facts were almost on all fours with those developed in our very recent case of Christensen v. Farmers Insurance Exchange.[1] In that case, the repairman was not returning the car to its owner, but was taking it to another repair shop where there was equipment which the former did not have available,—but the principle involved is the same,—and we think the Christensen case is controlling here. Reference thereto is made to the reader.

In the Christensen case the trial judge gave a summary judgment to the effect that the "automobile business" exclusion applied, i. e., that taking the car to another repairman was part of the original repairman's automobile business, and used therein,—which judgment we reversed, saying it was not. On summary judgment the trial court took the same position in the instant case. Hence we are obligated to reverse again. In the Christensen case the judgment was entered by the trial court on the 17th day of December, 1967. The judgment in the instant case was entered on the 19th day of January, 1968. The appellant's reply brief was filed in this court on July 3, 1968, just two days before our decision. It is obvious that neither party to this action could have cited the

1. Case No. 11135, July 5, 1968, this court, 443 P.2d 385 (1968).

case here in its brief, and had no idea how this court, in a substantially similar case, would decide. It seems equally obvious that for that reason, both of the litigants' counsel simply and graciously submitted the case without argument and they have this court's appreciation for having done so.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring).

I concur in the main opinion but would add the following by way of clarification.

The appellant, hereinafter referred to as Universal, was the insurer of Olsen Chevrolet Company, a corporation, which was repairing a car owned by one Bradbrook. The respondent, hereinafter referred to as Allstate, was the insurer of Bradbrook.

Allstate refused to defend the action brought on behalf of the injured pedestrian on two grounds. It claimed (1) that its insurance was secondary and (2) that the car in question was being used in the automobile business at the time of the collision.

Contentions similar to those now made by Allstate were recently presented to this court and resolved in the case of Christensen v. Farmers Insurance Exchange, 21 Utah 2d 194, 443 P.2d 385. That case requires us to hold that the policy issued to Bradbrook by Allstate is the primary coverage and that the returning of Bradbrook's repaired automobile by the mechanic does not constitute "being used in an automobile business."

Universal performed duties and incurred expenses which properly were those of Allstate, and under the holding in National Farmers Union Property and Casualty Co. v. Farmers Insurance Group,[1] Allstate should reimburse Universal therefor.

Each party made a motion for summary judgment, and at the hearing on those motions the court erred and granted the summary judgment to the wrong party. This case should be remanded with instructions to the lower court to set aside the summary judgment given to Allstate and to enter summary judgment in favor of Universal for the sum of $571.89 together with interest thereon.

1. 14 Utah 2d 89, 377 P.2d 786 (1963).