2007 UT 52

**PROGRESSIVE CASUALTY INSURANCE COMPANY,**
Plaintiff and Appellee,

v.

**Mitchell EWART and Heather Ewart,**
Defendants and Appellants.

No. 20060055.

Supreme Court of Utah.

July 17, 2007.

Rehearing Denied Sept. 7, 2007.

Joseph J. Joyce, Ryan J. Schriever, Salt Lake City, for plaintiff.

Roger H. Hoole, Salt Lake City, for defendants.

DURRANT, Justice:

## INTRODUCTION

¶ 1 In this case we are called upon to consider the mandatory liability coverage obligations of automobile insurers with respect to loss of consortium claims. Utah law mandates minimum liability limits for bodily injuries sustained in motor vehicle accidents. We acknowledge that loss of consortium is a liability imposed by law, but hold that where a loss of consortium claim is not a claim for a bodily injury, it is not subject to the minimum liability limits imposed upon insurers for bodily injury claims.

## BACKGROUND

¶ 2 When we review a district court's grant of summary judgment, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the

nonmoving party."[1]  We present the facts of this case accordingly.

¶3 In 2001 Mitchell Ewart was in an automobile collision with Richard Kunz. Mr. Ewart sustained a back injury and incurred medical expenses exceeding $25,000. Mr. Ewart's injury left him disabled, rendered him unable to perform the types of jobs he performed prior to the accident, and significantly changed his lifestyle.

¶4 At the time of the accident, Mr. Kunz was covered by liability insurance under a policy issued by Progressive Casualty Insurance Company ("Progressive"). This policy provided him with liability coverage of $25,000 for bodily injuries to a single person, and $50,000 for bodily injuries to more than one person. Mr. Ewart filed a claim with Progressive for the injury he sustained in the accident as a result of Mr. Kunz's negligence. Also, Mr. Ewart's wife, Heather Ewart, who was not in the car at the time of the accident, filed a claim for loss of consortium.

¶5 Progressive offered to settle Mr. Ewart's claim for the $25,000 single person policy limit. In so doing, however, Progressive refused to cover Mrs. Ewart's loss of consortium claim and required her signature releasing that claim on Mr. Ewart's settlement agreement. Both Mr. and Mrs. Ewart declined to sign the settlement agreement.

¶6 Progressive filed this action for declaratory relief, asking the district court to declare that it had no duty to provide an additional $25,000 of coverage for Mrs. Ewart's loss of consortium claim over and above the single person liability limit of $25,000 for Mr. Ewart's injury claim. Progressive argued that the total limit of liability coverage for the Ewarts' claims should be $25,000 because both claims arise out of a bodily injury sustained by one person, Mr. Ewart. The Ewarts contended that Progressive was required to provide Mr. Ewart with a single person liability limit of $25,000 to cover his bodily injury claim and a separate $25,000

liability limit to Mrs. Ewart to cover her loss of consortium claim.

¶7 The parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of Progressive, concluding that "the language in the Progressive policy is unambiguous and provides a maximum of $25,000 for bodily injuries sustained by one person, regardless of the number of separate claims being made." In addition, the district court stated that "Utah law does not require an insured to provide separate policy limits for loss of consortium claims."

¶8 The Ewarts appeal the district court's decision. We have jurisdiction pursuant to Utah Code section 78-2-2(3)(j).

## STANDARD OF REVIEW

■ ¶9 This case comes to us on a challenge to a summary judgment. We therefore review the district court's ruling for correctness without according deference to its legal conclusions.[2]

## ANALYSIS

¶10 In 1997 the Utah Legislature enacted Utah Code section 30-2-11 ("Loss of Consortium Act" or the "Act"). The Loss of Consortium Act provides that "[t]he spouse of a person injured by a third party ... may maintain an action against the third party to recover for loss of consortium."[3]  For purposes of the Act,

"injury" or "injured" means a significant permanent injury to a person that substantially changes that person's lifestyle and includes the following:

(i) a partial or complete paralysis of one or more of the extremities;

(ii) significant disfigurement; or

(iii) incapability of the person of performing the types of jobs the person performed before the injury.[4]

The Act further provides that "[t]he spouse's action for loss of consortium: (a) shall be

---

**1.** *Carrier v. Salt Lake County*, 2004 UT 98, ¶3, 104 P.3d 1208.

**2.** *Johnson v. Hermes Assocs., Ltd.*, 2005 UT 82, ¶12, 128 P.3d 1151.

**3.** Utah Code Ann. § 30-2-11(2) (2005).

**4.** *Id.* § 30-2-11(1)(a).

derivative from the cause of action in behalf of the injured person; and (b) may not exist in cases where the injured person would not have a cause of action."[5]

¶ 11 In the case at hand, Mrs. Ewart's loss of consortium claim stems from the injury her husband sustained in the accident with Mr. Kunz. She characterizes her claim as a loss of financial support because her husband's injury left him incapable of performing the types of jobs he performed prior to the accident. The parties do not dispute that the Loss of Consortium Act creates a liability imposed by law for damages or that Mrs. Ewart has a claim for loss of consortium against Mr. Kunz. They dispute, however, whether a minimum amount of coverage is mandated for that claim under the motor vehicle insurance provisions of Utah's Insurance Code.

¶ 12 While the first step in an analysis involving an insurance policy is generally to look for ambiguity in the policy, the parties here have stipulated that the policy is unambiguous. The question for our determination, then, is not what the policy provides, but what coverage is statutorily mandated. Because the Ewarts concede that, under the terms of the policy, Mrs. Ewart's loss of consortium claim falls under the single person limit applicable to Mr. Ewart, the specific issue before us is whether Utah law imposes an obligation on insurers to provide a separate liability limit for loss of consortium claims. We first describe the relevant statutes and explore the parties' arguments with respect to them. Next, we engage in a plain language analysis of the statutory language in dispute and find that the language specifies minimum liability coverage limits based on the number of bodily injuries or deaths arising from an accident, not the number of claims. As such, we conclude that Mrs. Ewart's loss of consortium claim does not have its own liability limit separate from the limit applicable to her husband's bodily injury claim.

## I. UTAH LAW REQUIRES INSURANCE COMPANIES TO PROVIDE MOTOR VEHICLE LIABILITY COVERAGE WITH MINIMUM MANDATORY LIMITS

¶ 13 We have previously noted the "labyrinthine framework of our laws relating to automobile insurance";[6] the statutory provisions at issue in this case involve that very labyrinth. Utah law requires that "every resident owner of a motor vehicle shall maintain owner's or operator's security in effect at any time that the motor vehicle is operated."[7] And the insurance policy purchased by an owner to satisfy this requirement must include "motor vehicle liability coverage under Sections 31A–22–303 and 31A–22–304."[8] Section 31A–22–303 requires a policy to "insure ... against loss from the liability imposed by law for damages arising out of the ... use of ... motor vehicles."[9] Section 31A–22–304, in turn, mandates minimum limits for a motor vehicle policy:

> Policies containing motor vehicle liability coverage may not limit the insurer's liability under that coverage below the following:
>
> (1)(a) $25,000 because of liability for bodily injury to or death of one person, arising out of the use of a motor vehicle in any one accident;
>
> (b) subject to the limit for one person in Subsection (a), in the amount of $50,000 because of liability for bodily injury to or death of two or more persons arising out of the use of a motor vehicle in any one accident; and
>
> (c) in the amount of $15,000 because of liability for injury to, or destruction of, property of others arising out of the use of a motor vehicle in any one accident; or
>
> (2) $65,000 in any one accident whether arising from bodily injury to or the death of others, or from destruction of, or damage to, the property of others.

---

5. *Id.* § 30–2–11(5).

6. *Farmers Ins. Exch. v. Versaw*, 2004 UT 73, ¶ 16, 99 P.3d 796.

7. Utah Code Ann. § 41–12a–301(2)(a) (2005).

8. *Id.* § 31A–22–302(1)(a).

9. *Id.* § 31A–22–303(1)(a)(ii)(A).

¶ 14 Section 31A–22–304 is at the heart of the dispute. The Ewarts argue that loss of consortium is a liability imposed by law that is necessarily covered by section 31A–22–303. As a result, they urge that Mrs. Ewart's loss of consortium claim must be covered by its own liability limit of $25,000 over and above the $25,000 liability limit covering Mr. Ewart's bodily injury claim. They argue that the term "bodily injury" in section 31A–22–304 should be broadly construed such that it provides minimal coverage for all injuries, including loss of consortium, that arise out of motor vehicle accidents. Otherwise limiting the definition of "bodily injury," they contend, would have the absurd result of excluding certain types of injuries, such as emotional and psychological injuries, from liability coverage.

¶ 15 In contrast, Progressive argues for a plain language reading of section 31A–22–304. Under the plain language of the statute, it contends, the minimum mandatory liability limits are defined relative to the number of bodily injuries that result from a motor vehicle accident, not the number of claims that arise from it. Progressive argues that a loss of consortium claim is not a claim for a "bodily injury"; as such, it is not subject to the minimum mandatory liability limits imposed by the statute, and Progressive need not provide a separate liability limit for Mrs. Ewart's loss of consortium claim.

## II. UTAH'S MINIMUM MANDATORY LIMITS FOR LIABILITY COVERAGE ARE TIED TO THE NUMBER OF BODILY INJURIES OR DEATHS SUSTAINED IN A MOTOR VEHICLE ACCIDENT, NOT THE NUMBER OF CLAIMS THAT ARISE FROM IT

¶ 16 When interpreting a statute, we turn to standard canons of statutory construction. In so doing, our primary goal is to give effect to the legislature's intent.[10] We first look to the plain language of the statute and give effect to that language unless it is ambiguous.[11] Only where that language is ambiguous do we consult other sources for its meaning.[12]

¶ 17 The plain language of Utah Code section 31A–22–304 ties the mandatory liability coverage obligation of insurers to the number of persons who sustain a bodily injury or die in an accident involving a motor vehicle. When that number is one, the statute mandates liability coverage of at least $25,000; when that number is two or more, the statute mandates minimum coverage of at least $50,000.[13]

¶ 18 Because the Ewarts concede that Mr. Kunz's "policy provides him the protection of only a single person policy limit," Mrs. Ewart is entitled to her own policy limit only if the statute requires separate coverage for loss of consortium, which it clearly does not. Mrs. Ewart's claim is not one for bodily injury but one for loss of consortium characterized as a loss of financial support; this is not a claim for which a separate minimum liability limit is required under section 31A–22–304. Any damages that flow to Mrs. Ewart from her husband's bodily injury fall under the limit applicable to her husband—the person who sustained the bodily injury. Mrs. Ewart's claim is therefore included within the $25,000 liability coverage for bodily injury to one person, and it does not have a separate limit of its own.

¶ 19 "Bodily injury" should not be construed broadly enough to encompass a loss of consortium claim as the Ewarts would have us conclude. First, "bodily" is commonly understood to refer to, simply, the "body,"[14] and Mrs. Ewart's loss of consortium claim in no way involves a bodily injury to her. Second, construing "bodily injury" broadly

**10.** *Li v. Enter. Rent–A–Car Co.*, 2006 UT 80, ¶ 9, 150 P.3d 471.

**11.** *Id.*

**12.** *Fla. Asset Fin. Corp. v. Utah Labor Comm'n*, 2006 UT 58, ¶ 9, 147 P.3d 1189.

**13.** Utah Code Ann. § 31A–22–304(1) (2005).

**14.** "Bodily" is defined as "of or relating to the body," and "body" is defined as "the material part or nature of a human being." *Merriam–Webster's Collegiate Dictionary* 128 (10th ed.1998). *Black's Law Dictionary* defines "bodily injury" as "[p]hysical damage to a person's body." *Black's Law Dictionary* 801 (8th ed.2004).

enough to include a loss of consortium claim would, essentially, require us to read the term "bodily" out of the statute altogether. The fact is, the Legislature imposed minimum liability coverage obligations in section 31A–22–304 with respect to bodily injury and property injury. The statute does not speak of other categories of injury, and we will not deem the Legislature's use of the modifier "bodily" in section 31A–22–304 inadvertent.[15] Should the Legislature wish to extend the minimum mandatory coverage limits to include claims for nonbodily injuries such as loss of consortium, it is, of course, free to do so.

## CONCLUSION

¶ 20 We hold that the mandatory liability coverage obligation in Utah Code section 31A–22–304 is tied to the number of persons who sustain a bodily injury or die in an accident involving a motor vehicle, not the number of claims that arise from that accident. Because Mrs. Ewart's loss of consortium claim arises from the injury suffered by her husband and does not involve a bodily injury to her, her claim is subject to a single $25,000 limit and does not have its own $25,000 limit over and above that covering her husband's claim. Affirmed.

¶ 21 Associate Chief Justice WILKINS and Justice NEHRING concur in Justice DURRANT'S opinion.

DURHAM, Chief Justice, dissenting:

¶ 22 I respectfully dissent. I believe that the legislature imposed an obligation on insurers to provide minimum mandatory coverage for a spouse's separate loss of consortium claim. Thus, I disagree with the majority's holding that the single person mandatory limit of $25,000 is all the coverage that is required for both Mr. Ewart's claims and Mrs. Ewart's separate loss of consortium claim.

¶ 23 The legislature has specifically provided for a separate loss of consortium claim by the spouse of a person suffering a "significant permanent injury." Utah Code Ann. § 30–2–11(1)(a) (Supp.2006). In statutorily creating a cause of action for loss of consortium, the legislature recognized that when a person suffers a significant permanent injury, the spouse of that injured person has a separate and distinct injury due to the loss of marital benefits. *See Hackford v. Utah Power & Light Co.*, 740 P.2d 1281, 1290, 1292 (Utah 1987) (Durham, J., dissenting).

¶ 24 The legislature has mandated motor vehicle insurance coverage "against loss from the liability imposed by law for damages arising out of the ... use of ... motor vehicles." Utah Code Ann. § 31A–22–303(1)(a)(ii)(A) (2005). It is uncontested that loss of consortium is a "liability imposed by law." *Farmers Ins. Exch. v. Versaw*, 2004 UT 73, ¶ 19, 99 P.3d 796. Thus, I conclude that by providing for the loss of consortium cause of action and by mandating insurance coverage for liabilities imposed by law, the legislature intended separate coverage by insurers for loss of consortium claims. I do not believe the legislature intended to require a person with significant permanent injury to share a single person policy limit with his or her spouse suffering loss of consortium.

¶ 25 The legislature, in enacting the loss of consortium statute, evidenced its ability to limit the available recovery as the majority does today. However, the legislature did not limit loss of consortium claims to a single person policy limit in the motor vehicle insurance arena as it did in other fields. First, the legislature explicitly provided for single person coverage limits to apply against governmental entities. Utah Code Ann. § 30–2–11(8) (Supp.2006) (limiting damage awards against "governmental entit[ies]" to "not exceed the liability limit for one person in any one occurrence"). Second, the legislature clearly limited coverage for loss of consor-

---

**15.** The question of whether claims for emotional or psychological injuries, such as a claim for the infliction of emotional distress, are claims for a "bodily injury" is not before us. Therefore, we decline to consider whether the Legislature intended to require mandatory coverage for such injuries in its statutory scheme. We note, however, that Progressive acknowledged during oral argument that its practice is to cover claims for the infliction of emotional distress with a separate liability limit under section 31A–22–304.

tium claims to that coverage available to the injured spouse for general damages. The legislature required that the separate claims of the injured party for general damages and the spouse's loss of consortium claim be combined in order to "not exceed any applicable statutory limit on noneconomic damages, including [noneconomic damages in malpractice actions]." *Id.* § 30–2–11(7). Thus, the legislature has limited coverage of a loss of consortium claim to the minimum mandatory coverage available to the injured spouse when it sees fit. It has not done so in the motor vehicle insurance arena.

¶ 26 Further, Utah Code section 31A–22–304(1)(a) requires minimum mandatory coverage of "$25,000 because of liability for bodily injury to or death of one person, arising out of the use of a motor vehicle in any one accident." When there is "bodily injury to . . . two or more persons," minimum mandatory coverage of $50,000 is required. *Id.* § 31A–22–304(1)(b) (2005). In my opinion, the plain language of these provisions requires separate coverage for the spouse's loss of consortium claim. "Bodily injury" should be construed broadly in the overall statutory scheme and relates to causes of action for injuries arising from the accident; it was not, in my view, intended to limit coverage to only physical injuries, as opposed to "liabilit[ies] imposed by law." Mrs. Ewart's loss of consortium claim is a separate and distinct injury. As noted previously, the legislature has not attempted to limit coverage for loss of consortium claims in this field. Progressive itself acknowledged in oral argument that it routinely provides separate coverage under the "bodily injury" provisions for claims for infliction of emotional distress, which may not result in physical injury to the claimant. I believe that the legislature did not intend to disregard injuries that are liabilities imposed by law that may not result in actual physical injury. The specific term "bodily injury," in my view, encompasses claims for loss of consortium, just as it would include infliction of emotional distress. Minimum mandatory coverage of $50,000 is required because of the distinct injuries to two persons—Mr. Ewart and Mrs. Ewart. Mrs. Ewart has suffered her own distinct injury, and I believe that the structure of the statute is intended to cover all claims arising out of the accident, including pain and suffering, infliction of emotional distress, loss of consortium, and other nonphysical injuries.

¶ 27 In creating a separate cause of action for loss of consortium and requiring insurance coverage for liabilities imposed by law, I believe the legislature intended the minimum mandatory coverage amounts to encompass nonphysical injuries. We have recognized that the public policy reflected in the legislature's enactment of minimum mandatory coverage is " 'to protect innocent victims of automobile accidents.' " *Li v. Enter. Rent–A–Car Co.*, 2006 UT 80, ¶ 13, 150 P.3d 471 (quoting *Speros v. Fricke*, 2004 UT 69, ¶ 42, 98 P.3d 28). Mrs. Ewart, whose spouse was significantly injured in this case, is one such innocent victim of the accident, and the legislature intended to protect her with minimum mandatory coverage. In sum, I believe the legislature has imposed an obligation on insurers to provide separate minimum mandatory coverage for the loss of consortium claim of the spouse of an injured person.

¶ 28 Justice PARRISH concurs in Chief Justice DURHAM'S dissenting opinion.